POST *et al. v.* EVARTS *et al.*

(*Supreme Court, General Term, First Department.* March 28, 1890.)

ATTORNEY AND CLIENT—SUMMARY REMEDY.

On application to compel attorneys to pay over moneys received by them on a judgment entered in favor of petitioners and two others, petitioners alleged that these two, before judgment, had conveyed their interest in the subject-matter of the action to them. They did not, however, deny knowledge of the joinder of the others as parties, nor of allegations in the complaint showing their interest. The attorneys disclosed circumstances putting them on inquiry as to one of the conveyances to petitioners, and alleged that the other was made for a nominal consideration and for a temporary purpose. *Held*, that the application should be denied, as the rights of all parties could be determined in an action by petitioners against the attorneys, in which the other two judgment creditors could interplead.

Appeal from special term, New York county.

An application by Wright E. Post and others in the form of a petition to compel the respondents, William M. Evarts and others, a firm of attorneys, to pay over moneys that came into their hands in their professional capacity. From the order dismissing their petition the petitioners appeal.

Argued before VAN BRUNT, P. J. and BRADY and DANIELS, JJ.

*North, Ward & Wagstaff,* for appellants. *William G. Choate,* for respondents.

VAN BRUNT, P. J. We see no reason for interfering with the order of the court made in the court below. The order for the payment of money by an attorney upon a summary application like the present should not be granted unless the claim of the petitioners is free from any reasonable doubt. We do not think that in the case at bar the rights of the petitioners have been established so as to make it entirely safe for the respondents to pay over, in this proceeding, all the moneys received by them upon the satisfaction of the judgments in question. The judgment entered in those actions was to the effect that at the time of the entry of such judgment, namely, November 1, 1886, John A. Post, Annie Livermore, and the petitioners, or their representatives, were vested with the title to the premises which were the subject-matter of the litigation, and, as the owners of a portion of that title, they were necessarily interested in the recovery. It is claimed this adjudication was not correct because, prior to the entry of this judgment, John A. Post had conveyed all his undivided interest in the property in question to Wright E. Post, one of the petitioners, and Annie Livermore had conveyed all her interest in

each of said actions, and in the moneys to be collected thereon, and had conveyed her interest in the premises sold, to E. C. Post, one of the petitioners, of which fact, before the entry of this judgment, the respondents were fully apprised; and that the entry of this judgment in this form was an erroneous act upon the part of the respondents, the attorneys who brought the actions, and they should not be permitted to shelter themselves under their own blunder. Whether making John A. Post a party plaintiff in the action was a blunder or not, the petitioners do not claim that they were ignorant of the fact that he had been made such a party, and that it had been alleged in the complaint that he, with the other plaintiffs, were the owners in fee-simple and in possession of the premises in question. Under these circumstances, with this adjudication in that action, it does not seem that the respondent can with safety, in the absence of John A. Post, pay out the moneys realized upon the property in question upon the satisfaction of the judgment obtained.

It further appears from the papers presented upon the part of the respondents that the consideration expressed in the deed from John A. Post to the petitioner Wright E. Post was the nominal sum of $10, while the interest purporting to be thereby conveyed was worth at the time more than $100,-000; and that the respondents supposed and understood that the deed was for some temporary purpose, and that said John A. Post had since indicated his continued interest in the lots, and in the result of the action, notwithstanding the conveyance. That this was the true construction of this deed is borne out by the judgment, and is borne out by the complaint, of which it is not claimed that Wright E. Post had no knowledge; *and in the absence of John A. Post,* with that adjudication of his interest in his favor, it seems to us the court would have no power, because of this prior existing deed expressing a nominal consideration, to order the respondents to pay over to Wright E. Post his interest in the moneys in question. There are also circumstances attending the conveyance by Annie Livermore to E. C. Post which are disclosed by the papers which evidently put these respondents upon inquiry, and they should not be called to part with this money until they can be protected by adjudication from any claim which Annie Livermore may have in respect to this property. In fact it would seem as though the appellants were anxious to avoid giving the opportunity to John A. Post and Annie Livermore to be heard in respect to this conveyance. They could have brought their action for the recovery of these moneys, which might have been determined almost as soon as a decision upon this appeal could be had. Upon the bringing of such an action, the respondents would be permitted to bring the money into court, if John A. Post and Annie Livermore made any claim thereon, and would be discharged, leaving the parties interested in the fund to dispute between themselves in regard to its application.

It does not seem necessary to discuss the propositions involved in this appeal at any great length, for the reason that, in view of the judgment, and in view of the allegations in the complaint which were known to these petitioners in respect to the interests of John A. Post and Annie Livermore, it is clear that the respondents cannot and ought not to pay out this money because of the alleged existence of conveyances of those interests, made prior to the entry of the judgment in the one case, and in the other prior to the commencement of the action, the more especially so as a method of procuring an adjudication which will be binding upon all the parties, and which will protect the defendants, is open to the petitioners. The order should be affirmed, with $10 costs and disbursements. All concur.